IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GILBERTO ROTERO                       :       CIVIL ACTION
                                      :
        v.                            :
                                      :
PHILADELPHIA PRISON SYSTEM, et al. :         NO. 13-6077

MEMORANDUM

SHAPIRO, J.                                    MAY 27th 2014

        Plaintiff Gilberto Rotero, brings this pro se civil rights
action, pursuant to 42 U.S.C. § 1983, against the Philadelphia
Prison System, the Philadelphia House of Correction ("HOC"), and
the Curran-Fromhold Correctional Facility ("CFCF").  He seeks to
proceed in forma pauperis.  For the following reasons, the Court
will grant plaintiff leave to proceed in forma pauperis and
dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    FACTS

        Plaintiff alleges that he was incarcerated in a three-man
cell at HOC from March 31, 2008, through February 1, 2009.  He
was also housed in a three-man cell while incarcerated at CFCF
from August 19, 2010, through March 15, 2011.  Plaintiff asserts
that, during those time periods, he was required to sleep on the
floor near the toilet.  He seeks $20,000 in damages.

II.   STANDARD OF REVIEW

        Plaintiff is granted leave to proceed in forma pauperis
because he has satisfied the criteria set forth in 28 U.S.C. §
1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the
Court to dismiss the complaint if it fails to state a claim.

1

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  If an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims sua sponte.  See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).  As plaintiff is proceeding pro se, the Court must construe his allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

   Plaintiff has not stated a claim because none of the named defendants are amenable to suit under § 1983.  The Philadelphia Prison System "is not legal entity but instead is a department of the City of Philadelphia" and is not a "person" for purposes 42 U.S.C. § 1983. Burgos v. Phila. Prison System, 760 F. Supp. 2d 502, 503 n.1 (E.D. Pa. 2011); see also 53 Pa. Cons. Stat. § 16257.  Likewise, correctional facilities such as HOC and CFCF are not "persons" subject to suit under the civil rights laws. See Regan v. Upper Darby Twp., Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009).

   In any event, plaintiff's claims are barred by the statute of limitations.  In § 1983 actions, federal courts apply the

2

statute of limitations governing personal injury claims in the state where the cause of action arose.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years.  See 42 Pa. Cons. Stat. § 5524.  The limitations period began running "when the plaintiff knew or should have known of the injury upon which [his] action is based."  Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).  Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Here, plaintiff is seeking relief for constitutional violations that occurred between March of 2008 and February of 2009, and additional violations that occurred between August of 2010 and March of 2011.  On those dates, plaintiff knew or should have been aware of his claims, as all of his claims are based on his confinement in a three-man cell.  However, he did not file this action until October 7, 2013, the date on which he delivered his complaint to prison authorities for mailing, which is approximately two years and six months beyond the most recent acts giving rise to his claims.  Accordingly, it is apparent from the face of the complaint that plaintiff's claims are time-barred.  The Court will therefore dismiss plaintiff's claims.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114

(3d Cir. 2002).  Here, amendment would be futile because it is apparent that plaintiff's claims are barred by the statute of limitations.  Accordingly, plaintiff will not be permitted to file an amended complaint.

**IV.   CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed.  An appropriate order follows.